HENRY KLING, Executor of the estate of Henry Schnellbecker, v. JOHN SCHNELLBECKER, Appellant, ADAM GERMAN, MARY KLING, BARARA SILBIIER AND CATHERINE SCHORSOII. Appellees.

**Wills:** CONSTRUCTION. Where a testator directs that his estate be equally divided between his wife and his wife's sisters and brothers devisees take *per capita* and not *per stirpes.*

*Appeal from Jasper District Court.*—HON. BEN MCCOY, Judge.

WEDNESDAY, APRIL 5, 1899.

PROCEEDINGS for the construction of the will of Henry Schnellbecker, deceased. The question is whether the devisees take *per stirpes* or *per capita.* The trial court found that they took *per capita,* and John Schnellbecker, one of the devisees, appeals.—*Affirmed.*

*A. M. Harrah* for appellant.

*Geo. C. Kipp* and *W. G. Clements* for appellees.

DEEMER, J.—The testator died in the year 1894 without direct issue. His wife died about the year 1890, leaving no estate and no direct heirs. At the time of the execution of the will, which was in the summer of 1894, testator had one sister living, who was his only heir. This sister died in the year 1897, leaving appellant, her son, as her only heir. Testator's wife left one brother and two sisters as her only surviving heirs; and they, with Mary Kling, a devisee, are the appellees in this case. The will was admitted to probate in February of the year 1897. After making certain specific bequests, the will read as follows: "All the remainder of my estate must be equally divided between my sister and my wife's sisters and brothers." A codicil to the will makes the following provision: "This certifies that on the 31st day of May, A. D. 1894, I, Henry Schnellbecker, executed my last will and testament in the presence of Geo. P. Kipp and another witness, whose name I do not remember; and in the said will I made the following bequests, to-wit: One hundred dollars each to the three grandchildren of George Phiffer, residing in Germany. This bequest I hereby annul and rescind, and the three hundred dollars must be equally divided between my brothers and sisters and my wife's brothers and sisters, in addition to the amount bequeathed to them in my will of May 31, 1894, and my bequest in said will to Mary B. Kling. I direct that the foregoing be added to my said will when the same is probated." Appellant contends that the property devised by the will and codicil "should be divided *per stirpes,* to two classes,—one class being the testator's sister, now represented by her son and only heir, John Schnellbecker; the other class being his deceased wife's two sisters and brother"; while appellee contends, and the trial court found, that it should be divided *per capita.* While the intention of the testator is the polar star in all inquiries involving the interpretations of wills, yet certain phrases found in such instruments have received a

judicial construction which the testator is presumed to have had in mind. One of these canons of construction is that when an estate is devised to be divided equally between certain persons, whether specifically named, or designated by more general terms, as the children or heirs of certain persons, the language imports the taking of an equal share by each legatee, in the absence of other provisions showing a contrary intention. In other words, they take *per capita,* and not *per stirpes. Smith v. Curtis,* 29 N. J. Law, 345; *Purnell v. Culbertson,* 12 Bush. 369; *Johnson v. Knight,* 117 N. C. 122 (23 S. E. Rep. 92); *Pitney v. Brown,* 44 Ill. 363; *Jackson v. Luquere,* 5 Cow. 221; *Farmer v. Kimball,* 46 N. H. 435; *Weston v. Foster,* 7 Metc. (Mass.) 297.

Much is made in the argument of the word "between," and it may be conceded that, strictly speaking, it implies a division between two parties, or classes; but the reference may be to more than two parties. *Haskell v. Sargent,* 113 Mass. 343. When the words "between" and "among" follow the verb "divide," their general significance is very similar, and in popular use they are snynonymous, though "among" connotes a collection, and is never followed by two of any sort, while "between" may be followed by any plural number, and seems to refer to individuals of a class, rather than to the class itself. *Senger v. Senger's Ex'rs.* 81 Va. 698; *Ward v. Tomkins,* 30 N. J. Eq. 4; *Lord v. Moore,* 20 Conn. 122; *Myers v. Myers,* 23 How. Prac. 410. In the case of *Farmer v. Kimball, supra,* the court, in referring to the use of the word "between," said: "If in this case the residue of the estate had been given to the cousins and the children of the mother's cousins, to be equally divided among them, the devisees would have taken *per capita,* unless something in the will indicated a different intent. This construction is not controlled by the use of the word "between," or by the fact that the divisees are not each named individually. Upon the whole, we think that any inference of an intention to divide the residue by classes is merely conjectural, and

quite too uncertain to prevent the application of the well-settled general rule. With a definite rule of construction for the words used by the testator, and with nothing to indicate a different intent on his part, the question presented is not difficult of solution. It will be noticed that the devise is not to the heirs of certain brothers and sisters, but directly to the brothers and sisters, as individuals. In this respect the case differs from *Fissel's Appeal,* 27 Pa. St. 55; *Young's Appeal,* 83 Pa. St. 59, and other like cases relied upon by appellant. Here the reference is to individuals, and not to a class of persons, as in *Bassett v. Granger,* 100 Mass. 348, and *Holbrook v. Harrington,* 16 *Gray,* 102. The case is more nearly like *Crow v. Crow,* 1 Leigh, 74, and *Hoxton v. Griffith,* 18 Grat. 577. Notice should also be taken of the fact that the gift is not substitutional, as to several or their children, as in *Congreve v. Palmer,* 16 Beav. 435, and cases holding to the same doctrine.

Appellant further contends that the bequest to Mary B. Kling was revoked and annulled by the codicil. That question does not seem to have been presented to the lower court, and therefore cannot be considered on this appeal. The trial court correctly interpreted the will, and its decree is AFFIRMED.