MARY E. PARKER and HENRY PARKER, Appellants, v. GEORGE FOXWORTHY and ELLEN HENDERSON, et al., Appellees.

Wills: CONSTRUCTION: DISTRIBUTION PER CAPITA. Where real property is disposed of by will the estate passes by the terms of the will as an instrument of purchase, and not under the statute of descent. In the instant case the testator made a bequest to certain grandchildren to be distributed equally between them, and gave the residue of his estate to his wife for life, the remaining estate upon her death to be distributed among his heirs, share and share alike. He further provided that in case any heir should not survive the wife the sum which would have gone to such deceased heir should be divided share and share alike among his heirs. *Held*, that the will embraced not only his living children but also the heirs of a deceased child at the time of his death; that the gift was per capita and not per stirpes, and that there could only be a substitutional gift upon the event of the death of an heir during the lifetime of the wife.

*Appeal from Mills District Court.*—HON. THOMAS ARTHUR, Judge.

TUESDAY, DECEMBER 15, 1914.

ACTION of partition. The trial court sustained defendant's claims to the property, and plaintiffs appeal.—*Affirmed.*

*John Y. Stone* and *D. E. Whitfield,* for appellants.

*Byron G. Burbank,* for appellees.

DEEMER, J.—The respective parties claim title to the real estate in controversy under and in virtue of the will of Jose Foxworthy, deceased, the material parts of which read as follows:

I hereby give to the heirs of my daughter, Rachel Tubbs, now deceased, the sum of three hundred dollars ($300.00) to be divided between said heirs, share and share alike.

I hereby give, devise and bequeath all the rest and residue of my estate both real and personal, that I now own or may acquire and own at the time of my decease, to my beloved wife, Mary M. Foxworthy, for her sole use and benefit during her natural life. After her decease all of my said estate remaining unused shall be distributed to my heirs share and share alike.

. I also direct that if any of my said heirs shall not survive my said wife, Mary M. Foxworthy, that portion of said estate which would have gone to said heir had such an one been living, shall be divided share and share alike between the legal heirs of my said heir at that time deceased.

Plaintiff Mary E. Parker is a daughter of the deceased. The other defendants, aside from George Foxworthy, Ellen Henderson, William Foxworthy, Malisa Schappel, Meda Grant, Florence Seitz, and Anarpy Sloneker, who are sons and daughters of the deceased, are either the wives of these heirs or grandchildren of the deceased, and their husbands or wives being the children of Rufus Foxworthy, a deceased son of the deceased, or of other deceased sons or daughters. Plaintiffs claim that the living sons and daughters of the deceased, nine in number, are each entitled to an one-tenth of the property, and that the grandchildren of the deceased simply take the share that their parents would have taken had they survived their parents. In other words, plaintiffs say that these grandchildren are each entitled to an one-nineteenth interest in the property; while they insist that they are each entitled to an one-eighteenth interest therein.

The solution of the problem is dependent upon the rule of law to be applied; that is, whether the descent shall be per stirpes or per capita. The trial court found that it should be per capita, and the appeal is from this ruling. Under our statute in the absence of a will real estate descends in equal shares to the children of one deceased (assuming there is no wife to take her share), and, if any of them be dead, his or her heirs inherit his or her share as though such child had outlived its parents. Code, section 3378. But one may direct

the devolution of his estate by will, and, if he does so, it does not descend under the statute, but passes by the will as an instrument of purchase. All the parties to this suit, save they be joined simply because they are the spouses of those made parties, are heirs of Joseph Foxworthy, and he made no distinction between them. They are named as a class, and each is put upon an equality with the other. The gift is direct and immediate to his heirs, and it specifically says that they shall take share and share alike. No thought of substitutional or representative gift appears, save as one or more should not survive the wife. Had it not been for the clause ''for equal division,'' the presumption might arise that the heirs should take according to the rules of descent, as said in *Johnson v. Bodine*, 108 Iowa, 594. But with these words present nothing is left to presumption, and according to our previous cases the estate passed per capita to each and all of the heirs living at the time of Mrs. Foxworthy's death. If any had survived the deceased, and died before the demise of the widow, they would have taken by representation. As sustaining our conclusions, see *Furenes v. Severtson*, 102 Iowa, 322; *Kling v. Schnellbecker*, 107 Iowa, 636; *Johnson v. Bodine, supra; Kalbach v. Clark*, 133 Iowa, 215. Authorities from other states sustain these rules, and, if there be any exceptions, they are not called to our attention.

Appellants rely upon what they claim was testator's intent as evidenced by the will itself, which they insist was to distinguish between his heirs and the heirs of his children. It is true that in one clause he speaks of the heirs of his daughter, in another of his heirs, and in another of the legal heirs of his heir; but in the clause under consideration he makes no distinction, and refers specifically to his heirs, share and share alike. His heirs comprehend not only his living children, but also the heirs of any who were deceased at the time of his death, and he also specifically mentioned those who might survive him and yet die before the demise of his wife; but as to the latter he does not differentiate between children

and grandchildren. Whatever testator's real intent, unless it be clearly expressed in the will it cannot modify well-settled rules of law, made for the construction of unambiguous language found in a will.

The decree is correct, and it is—*Affirmed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concurring.