W. M. CANFIELD, Executor, Appellee, v. FLORENCE E. JAMESON et al., Appellees; ROY D. HOUDERSHELDT, Appellant.

**WILLS:** Construction—Share of Devisee—Per Capita (?) or Per Stirpes (?) A devise which makes provision in a named amount for *all* the heirs of a known deceased daughter of testator's, and an identical provision in the same amount for *each* of several named living children, and then provides that the remainder of the estate shall be "*equally divided between my above named children, their heirs or assigns share and share alike,*" precludes the heirs of the deceased daughter from taking *per capita.*

Headnote 1: 40 Cyc. p. 1491.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

APRIL 6, 1926.

ACTION in equity by the executor for the construction of a will. From the decree entered, one of the legatee-defendants appeals.—*Reversed.*

*James H. Hall* and *Lorentzen & Shepherd,* for appellant.

*John L. Gillespie,* for the executor, appellee.

VERMILION, J.—The second paragraph of the will in question is as follows:

"To the heirs of Anna L. Houdersheldt Kinney, my beloved daughter deceased I hereby bequeath the sum of one dollar."

The third, fourth, fifth, sixth, and seventh paragraphs are bequests of $1.00 to each of five children by name. The eighth paragraph is as follows:

"To my dearly beloved wife, Almira Houdersheldt, I hereby devise and bequeath the residue of my estate, including both

my real estate and my persónal property to have and to hold in fee simple to herself and her heirs and assigns forever. But in case my dearly beloved wife, Almira Houdersheldt, shall die before this will is admitted to probate, then or in that event, it is my will and testament that this instrument remain in full force and effect, except the bequeath to my dearly beloved wife mentioned in Section eight. Furthermore, it is my will and desire in case of my wife's death, that the residue of my estate mentioned in Section eight be divided among my several heirs as follows, to wit: I hereby devise, bequeath and direct that the residue of my estate mentioned in Section number eight, be equally divided between my above named children, their heirs or assigns share and share alike.''

The wife, Almira, died before the death of the testator, who left surviving him the five children named in Paragraphs 3 to 7, inclusive, and three grandchildren, who were children and heirs of the deceased daughter named in the second paragraph of the will.

The question presented is whether the living children named in the will and the children of the deceased daughter take *per capita,* each an equal share in the estate, or whether the grandchildren take *per stirpes,*—that is, together only such share as their mother would have taken, had she survived the testator. The court below held that they took *per capita,* and Ray D. Houdersheldt, a son, has appealed.

There is no contention that the heirs of the daughter Anna, who was dead at the date of the execution of the will, are not entitled to a portion of the estate. The sole question is whether such heirs take *per capita* or *per stirpes.*

We have held that, when an estate is to be divided equally between certain persons, whether specifically named or designated by more general terms as the children or heirs of certain persons, the language imports the taking of an equal share by each legatee, in the absence of other provisions showing a contrary intention, and that they take *per capita. Kling v. Schnellbecker,* 107 Iowa 636; *Johnson v. Bodine,* 108 Iowa 594.

In the *Kling* case, supra, the estate was to be ''equally divided between my sister and my wife's sisters and brothers,'' and it was held that they took *per capita.* In *Kalbach v. Clark,*

133 Iowa 215, where the estate was to be equally divided among the heirs of four children, we held that the distribution should be *per capita.* In *Parker v. Foxworthy,* 167 Iowa 649, the will provided that the estate "shall be distributed to my heirs share and share alike," and a distribution *per capita* was upheld. In the *Johnson* case, supra, the estate was to be "divided between my heirs at law," and we recognized that the rule announced above "will yield to a very faint glimpse of a different intention in the context." We further said that a devise to heirs, whether to one's own heirs or to the heirs of a third person, designated not only the persons who should take, but also the proportions in which they were to take; and that, where there are no words to control, the law presumes the intention of the testator to be that they shall take as heirs would take under the rules of descent. We there held, in the absence of words indicating an intent to the contrary, that the distribution should be *per stirpes.*

There is in the clause in question no recognition by the testator that his daughter Anna was then dead, although in the second paragraph of the will he does recognize that fact. It cannot be doubted that, had all the testator's children been living at the execution of the will, and one of them had thereafter died, or had one of the then living children died, his or her heirs would, under the clause in question, have taken only the share which such child would have taken. In such case, it is clear that the heirs of a deceased child would have taken by representation only the share given by the will to their parent. Does the fact, which the testator knew at the time the will was executed, that one daughter was then dead, require a different construction in respect to her heirs? We think not. The will makes no such distinction. When we read the clause in the light of the fact that Anna was then dead, and the testator so knew, the fact that no distinction is made between the heirs of a child whom he knew to be dead, and the heirs of the then living children, is significant.

In this situation, the bequest was, in effect, to certain persons designated and theretofore named, "his above named children," and the heirs of another person standing in the same relationship. When the bequest is to several named individuals,

and to others as a class, the latter generally take *per stirpes;* but this rule, too, yields when the testator used language indicating an intention that the members of the class should share equally with the named individuals. 40 Cyc. 1491; *Dollander v. Dhaemers,* 297 Ill. 274 (130 N. E. 705) ; *Palmer v. Jones,* 299 Ill. 263 (132 N. E. 567).

The use of the words "share and share alike" would ordinarily indicate an intention that the distribution should be *per capita;* and the fact that the testator knew that his daughter Anna was then dead would, perhaps, strengthen the argument, were it not for the fact that he used the expression, not in reference to the heirs of Anna and his living children, but in reference to all of his children, including Anna, and "their heirs and assigns."

The will provides that not only the heirs, but the assigns, of the children shall take. But it could not be claimed that, had one of the children assigned his interest to two or more persons, the mere number of assignees would have affected the proportions which the other legatees would take. No more, we think, does the fact that in the same terms the will provides that the heirs of the legatees shall take, without regard to the known fact that one of them was then dead, require a construction that would change the proportions of the other legatees by the number of such heirs.

Furthermore, the will in the second paragraph provides that the heirs of Anna shall take the same specific legacy that each of the living children is given. It is true that the legacies are nominal in amount, but the intention to treat the heirs of the deceased daughter, as a class, the same as a child, is to some extent indicated.

It is matter of regret that we have not had the benefit of an argument on behalf of the real appellees in interest, the heirs of the deceased daughter; but our examination of the question brings us to the conclusion that they take as a class, and are entitled only to a *per stirpes* distribution of the estate.

This conclusion finds support in the following cases, where wills of very similar language were construed: *Ashburner's Estate,* 159 Pa. St. 545 (28 Atl. 361) ; *Wootten's Estate,* 253 Pa. St. 136 (97 Atl. 1066) ; *Balcom v. Haynes,* 14 Allen (Mass.)

204; *Lachland's Heirs v. Downing's Executors,* 11 B. Mon. (Ky.) 32; *Lyon v. Acker,* 33 Conn. 222; *Eyer v. Beck,* 70 Mich. 179 (38 N. W. 20); *Ferrer v. Pyne,* 81 N. Y. 281; *Dollander v. Dhaemers,* supra; *Palmer v. Jones,* supra.

It follows that the decree below must be, and is,—*Reversed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.