GEORGE A. CLAUDE et al., Executors, Appellees, v. ANNA SCHUTT et al., Appellees; HENRY LEWIS CLAUDE et al., Appellants.

No. 40500.

NOVEMBER 18, 1930.

*Nagle & Hill,* for appellants.

*F. D. Riley,* for Robert L. Claude and Julia Claude, appellees.

*Birdsall, McGrath & Archerd,* for other appellees.

EVANS, J.—The testator was survived by four sons and three daughters and by the four children of his deceased son Albert. Paragraphs I and II of the will are formal. The remaining paragraphs thereof are as follows:

"III. I do hereby give, devise and bequeath unto my beloved

wife, Hulda Claude, one third of all monies, credits and personal property and one third of all proceeds of all my real estate, and to my beloved son, C. P. Claude, I do hereby give, devise and bequeath the sum of $10.

"IV. I do hereby give, devise and bequeath unto my beloved son, Robert L. Claude's children, to Rosa May Melvin, to George A. Claude, Victor A. Claude, Anna C. Schutt, Mary Doolittle, and the children of my deceased son, Albert A. Claude, the balance of the undivided portion of the proceeds of my estate, share and share alike.

"V. I do hereby give, devise and bequeath unto my beloved wife, Hulda Claude, for her sole and separate use during her life, our home in Woolstock, Wright County, Iowa, including all household goods, and upon her death, this property shall be sold and divided among my children, share and share alike.

"VI. I hereby appoint as administrators of my estate without bond, Victor Claude and George A. Claude, and I hereby further appoint as trustees under bond of the portion of my estate heretofore bequeathed to Robert L. Claude's children, Victor Claude and George A. Claude.

"VII. I hereby appoint as trustee for the portion of my estate heretofore bequeathed to my deceased son's children; namely, Albert C. Claude, their mother, Edna Claude, under bond."

The controversy centers upon Paragraph IV. The question raised is whether the four children of the deceased son Albert and the two children of the surviving son Robert L. Claude, all of whom are included as beneficiaries of the will, take thereunder *per capita* or *per stirpes*. The district court held that the children of the testator named as beneficiaries in Paragraph IV took *per capita*, and that the two sets of grandchildren included in said paragraph each took a child's share *per stirpes*.

The contention for the appellants is that they should be deemed each to take *per capita* with all the other beneficiaries named. This contention is predicated primarily upon that provision of the will which provides that the beneficiaries shall take share and share alike. Reliance is had upon the proposition often announced, that the phrase "share and share alike" imports a *per capita* division, in the absence of terms indicating a contrary intention. *Kling v. Schnellbecker*, 107 Iowa 636; *Johnson v.*

*Bodine,* 108 Iowa 594. It is urged that the operation of this rule is conclusive upon the controversy presented herein.

It is, however, quite generally held by the courts that the rule of construction here stated is "faint," rather than strong, and that it yields readily to counter indications in the terms of the will. In the case of *Johnson v. Bodine,* 108 Iowa 594, cited by the appellant, we said:

" 'This rule will yield to a very faint glimpse of a different intention in the context.' "

In that case we held that the grandchildren referred to in the will as heirs of their parents took as a class, and therefore *per stirpes,* and not *per capita.*

And again, in *Canfield v. Jameson,* 201 Iowa 784, we said:

"When the bequest is to several named individuals, and to others as a class, the latter generally take *per stirpes;* but this rule, too, yields when the testator used language indicating an intention that the members of the class should share equally with the named individuals."

Our holding in this latter case has very important bearing upon the case before us.

In support of his conclusion, the trial court relied mainly upon the following considerations:

(1) The children of the testator were named individually; whereas each of the two sets of grandchildren was named as a class.

(2) The language of Paragraphs VI and VII indicates the understanding of the testator that each set of grandchildren took one "portion."

(3) The fact that the son Albert was known by the testator to be deceased, and survived by his widow and children, is suggestive of an intention to give to the children of such deceased son the benefit of the "portion" which he would have given to Albert, if living.

To this may be added the fact that the will gives no indication of a purpose to favor one set of grandchildren over the other. If, therefore, the will was properly construed as to the children of Albert, consistency requires that the same construction be applied to the children of Robert L. This precise question had careful consideration by us in the *Canfield* case cited.

In that case one set of grandchildren comprised the children of a deceased daughter. The devise under consideration in that case was:

"I hereby devise, bequeath and direct that the residue of my estate mentioned in Section number eight, be equally divided between my above named children, their heirs or assigns share and share alike."

The testator was survived by five children and by three children of a deceased daughter, which deceased daughter had been previously named in the will. We said:

"The question presented is whether the living children named in the will and the children of the deceased daughter take *per capita,* each an equal share in the estate, or whether the grandchildren take *per stirpes,*—that is, together, only such share as their mother would have taken, had she survived the testator. The court below held that they took *per capita,* and Ray D. Houdersheldt, a son, has appealed. There is no contention that the heirs of the daughter Anna, who was dead at the date of the execution of the will, are not entitled to a portion of the estate. The sole question is whether such heirs take *per capita* or *per stirpes.* We have held that, when an estate is to be divided equally between certain persons, whether specifically named or designated by more general terms as the children or heirs of certain persons, the language imports the taking of an equal share by each legatee, in the absence of other provisions showing a contrary intention, and that they take *per capita. Kling v. Schnellbecker,* 107 Iowa 636; *Johnson v. Bodine,* 108 Iowa 594. In the *Kling* case, supra, the estate was to be 'equally divided between my sister and my wife's sisters and brothers,' and it was held that they took *per capita. In Kalbach v. Clark,* 133 Iowa 215, where the estate was to be equally divided among the heirs of four children, we held that the distribution should be *per capita.* In *Parker v. Foxworthy,* 167 Iowa 649, the will provided that the estate 'shall be distributed to my heirs share and share alike,' and a distribution *per capita* was upheld. In the *Johnson* case, supra, the estate was to be 'divided between my heirs at law,' and we recognized that the rule announced above 'will yield to a very faint glimpse of a different intention in the context.' We further said that a devise to heirs, whether to one's own heirs or

to the heirs of a third person, designated not only the persons who should take, but also the proportions in which they were to take; and that, where there are no words to control, the law presumes the intention of the testator to be that they shall take as heirs would take under the rules of descent. We there held, in the absence of words indicating an intent to the contrary, that the distribution should be *per stirpes*. There is in the clause in question no recognition by the testator that his daughter Anna was then dead, although in the second paragraph of the will he does recognize that fact. It cannot be doubted that, had all the testator's children been living at the execution of the will, and one of them had thereafter died, or had one of the then living children died, his or her heirs would, under the clause in question, have taken only the share which such child would have taken. In such case, it is clear that the heirs of a deceased child would have taken by representation only the share given by the will to their parent. Does the fact, which the testator knew at the time the will was executed, that one daughter was then dead, require a different construction in respect to her heirs? We think not. The will makes no such distinction. When we read the clause in the light of the fact that Anna was then dead, and the testator so knew, the fact that no distinction is made between the heirs of a child whom he knew to be dead, and the heirs of the then living children, is significant.''

Our foregoing quotation is quite a complete argument in support of the decree below. Such finding is supported also, in our judgment, by the weight of authority in other jurisdictions. The question here considered received very careful consideration in *Dollander v. Dhaemers*, 297 Ill. 274 (130 N. E. 705), and the holding therein strongly supports the decree. That case was cited by us with approval in the *Canfield* case. The appellant contends strongly that no weight should be given to that provision contained in Paragraphs VI and VII wherein guardianship is provided for the ''portion'' of each set of grandchildren. The argument is that either the singular or the plural form might be used interchangeably, without discrimination. The argument is not without its force. But the use of the singular, rather than of the plural, under similar circumstances, has received consideration of the court in other jurisdictions, and weight has been at-

tached thereto as tending to show the purpose of the testator that the *plural* beneficiaries were intended to take as a *single* class.

It is quite uniformly held that, where the question is in the balances of doubt, the doubt is to be solved in favor of a taking *per stirpes* rather than *per capita*. One reason for this preference is that such taking is in accord with the laws of descent and in accord with the natural instincts of testators. The relation of a testator to his grandchildren is a class relation. They stand as prospective representatives of the testator's children, and as the ultimate beneficiaries of that which is bestowed upon the child of the testator. When this will is looked at and read in its entirety, it strongly impresses the disinterested mind with the apparent purpose of the testator to give to each of these two sets of grandchildren a child's part. The apparent reason for such devise to the four children of Albert is the fact that Albert was deceased, and had thereby passed beyond the bounty of his father. The reason why a child's share was withheld from Robert L. and given to his two children instead, is not made to appear. The reason for disinheriting the son Robert L. would be more likely to appear, perhaps, if the testator had really intended to so favor the children of Robert L. as to give to them a standing *per capita* with the testator's own children. We think the district court properly construed the will as giving to each set of grandchildren a child's share. The phrase "share and share alike" has often been applied, as between different classes of beneficiaries.

The decree below is, accordingly,—*Affirmed*.

MORLING, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.