HENRY EDWARD CLAPPER et al., appellees, v. WARREN CLAPPER et al., appellants.

No. 48741.

(Reported in 70 N.W.2d 145)

MAY 3, 1955.

L. T. Genung, of Glenwood, and Peterson, Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellants.

Cook & Drake, of Glenwood, for appellees.

OLIVER, J.—This is a real-estate partition suit but the appeal is only from an adjudication construing a will to provide that

the remaindermen (children of testator's children) take the property per stirpes and not per capita. The parties are beneficiaries under the will of Henry W. Clapper, who died in 1917. His wife, Margaret E. Clapper, predeceased him in 1916. His will, made in 1905, provides:

1st. Directs payment of funeral expenses and debts.

2nd. Gives testator's wife, Margaret, all of the "balance" of his personal property including cash, etc.

"3rd. I direct that the use or rental of all of my real estate viz., * * * [describing 281¼ acres of land], be given to my widow, Margaret E. Clapper during her lifetime, or so long as she shall remain my widow.

"4th. At the death of my wife Margaret E. Clapper or in the event she should remarry, then at that time the use or rental of the above described real estate shall go to my children during their lifetime, and at their death shall be divided equally, and shall vest in 'fee simple' between their children."

5th. "Appoints" an executor.

The will contains no residuary clause or express substitutionary provisions.

Testator was survived by four children, none having predeceased him, and by one or more children of each child. Testator's four children died in 1930, 1938, 1942 and 1953 respectively. One of said children was the parent of one son, another of two children, and another of three children. These six grandchildren of testator are living and constitute all of the plaintiffs. Testator's other child was the father of ten children. These ten (with the widow and children of each of three who are deceased, substituted for him) are defendants. The only issue submitted to the trial court was whether testator's grandchildren take the real estate per stirpes or per capita. The court construed the will to require the distribution among the grandchildren to be per stirpes. We granted defendants an interlocutory appeal.

■ Upon appeal the issue is again limited to the proper construction of the will and particularly the 4th paragraph thereof. The primary consideration in such cases is the determination of the intention of the testator as expressed in the will. In re Estate of Syverson, 239 Iowa 800, 804, 805, 32 N.W.2d 799, and citations.

■ Testator's wife having predeceased him, the provision giving testator's children the use or rental "during their lifetime" became effective immediately upon testator's death. Omitting the reference to testator's wife, the 4th paragraph of the will states: "the use or rental of the above described real estate shall go to my children during their lifetime, and at their death shall be divided equally, and shall vest in 'fee simple' between their children." The provision for testator's children created a tenancy in common in the land during the life of each child. Section 557.15, Code of Iowa, 1954.

■ Appellees contend the will shows testator intended that the remainder of the one-fourth share in the use of the land which each of testator's children held for life go to such life tenant's children equally at his death, which would result in a per stirpes distribution. Appellants contend the will shows testator intended a per capita distribution among the children of his children. No Iowa decision factually in point has been brought to our attention.

In Claude v. Schutt, 211 Iowa 117, 118, 233 N.W. 41, 78 A. L. R. 1375, a testator's will gave to the unnamed children of a named living son, also to the unnamed children of a named deceased son, also to five other individually named living sons and daughters, " 'the balance of the undivided portion of the proceeds of my estate, share and share alike.' " Held that, although the phrase "share and share alike" imports a per capita division, the rule is faint and yields to other provisions indicating each of the two sets of grandchildren, which was named as a class, was given one "portion" in lieu of its parent. The decision quotes from and follows Canfield v. Jameson, 201 Iowa 784, 208 N.W. 369, a similar case. This case discusses Kling v. Schnellbecker, 107 Iowa 636, 78 N.W. 673, Johnson v. Bodine, 108 Iowa 594, 79 N.W. 348, Kalbach v. Clark, 133 Iowa 215, 110 N.W. 599, 12 L. R. A., N.S., 801, 12 Ann. Cas. 647, and Parker v. Foxworthy, 167 Iowa 649, 149 N.W. 879. These are cited in the briefs in the case at bar. None of them furnishes much help here. However, provisions such as those found in this will have been considered by other courts, and principles have been enunciated and rules of construction adopted to aid in determining the testatorial intent.

Dills v. Deavors, Ky., 266 S.W.2d 788, 789, 790, was an action to determine rights under a deed to grantor's three children which provided "They are to have full possession of the same so long as they live, and at their death it is then to go to their bodily heirs * * *." By "their bodily heirs", it was held grantor meant the respective bodily heirs of each child, and not the bodily heirs of all three as a group or class to be determined upon death of all three children. The decision states: "It appears to be the prevailing rule that where land is conveyed or devised to several persons for life and at 'their death' to 'their' children or bodily heirs, the phrase 'their death' will be read 'their respective deaths' and the phrase 'their children' or 'their bodily heirs' will be read 'their respective children' or 'their respective bodily heirs'. Annotation, 16 A. L. R. 123; 57 Am. Jur., Wills, sec. 1315, p. 870."

Horne v. Horne, 181 Va. 685, 692, 693, 26 S.E.2d 80, 84, holds the words "their children" when employed in gifts of future estates after life estates given to two or more brothers or sisters with remainder "to their children" mean "their respective children." The decision states: "These words necessarily mean their respective children because no children could be the children of both brothers." It quotes from and follows In re Hutchinson's Trust, 21 Ch. Div. 811, 816, in which the will provided, "after the decease of F. H. S. and R. S. to their children share and share alike, and to their heirs forever. * * * this must mean their respective children, because there could not possibly be any child who could say I am the child of both, I am bound to read 'after the death' as meaning 'after the death of each' and 'to their children' as 'to their respective children.'
"* * *.

"The English cases uniformly hold that the words 'their children', when employed in gifts of future estates after life estates given to two or more brothers or sisters with remainder 'to their children', invariably mean to 'their respective children' for the all sufficient reason that no child can possibly be the child of both brothers or sisters."

Mewborn v. Mewborn, 239 N. C. 284, 287, 79 S.E.2d 398, 400, involves a will giving testator's widow his real estate for life

and after her death to testator's sons George and Paul for a term of their natural lives, said tracts to be equally divided between them, and after the death of the said George and Paul the aforesaid tracts go to their children. "It is very generally held that, where the gift is to several persons for life and at 'their death' to 'their' children, the fact that the phrase 'their death' must be read 'their respective deaths' may warrant the reading of the phrase 'their children' as 'their respective children.'"

In Stoutenburgh v. Moore, 37 N. J. Eq. 63, 64, the will gave the income of the residue of testator's estate to "'my two sons, Robert and Edward R., to be equally divided between them during their lives, and at their death, to be equally divided between my grandchildren, * * *.'" The court held "at their death" meant at their respective deaths, that upon the death of Edward his child was entitled to one half the remainder absolutely, and that Robert was entitled to the income of the other half, which at his death should be divided equally among his children.

Collins v. Wardell, 65 N. J. Eq. 366, 370, 54 A. 417, 419, states: "The cases seem to support the contention that where the income of a single fund is bequeathed to two or more persons for life, with remainder over 'after their death', the courts construe these words to mean 'after their respective deaths', and decree a present division of the fund and a distribution of the part thereof not required to produce income for the life tenants."

Under the title, "Taking per stirpes or per capita", subtitle, "Under a bequest to several for life and then to their children", decisions from various jurisdictions are annotated in 16 A. L. R. 15, 122; 78 A. L. R. 1385, 1411; 126 A. L. R. 157, 179, and 13 A. L. R.2d 1023, 1062.

With reference to remainders to the children of life tenants, the text in 57 Am. Jur., Wills, section 1315, states: "* * * but where the gift can be construed as being to the children of each parent at the death of such respective parent, they will ordinarily take per stirpes." The text in 69 C. J., Wills, section 1319, page 295, states: "Where the gift to the children is in remainder to be divided on the death of the parents respectively the children take per stirpes, * * *."

In the language of Horne v. Horne, supra, 181 Va. 685, 695, 26 S.E.2d 80, 85, which involved life estates to two brothers with

remainder to their children: "It has been generally held that the fact that the will or deed creates life tenancies in common indicates an intent on the part of the testator or grantor that the remainders shall pass per stirpes and not per capita."

Restatement of the Law, Property, section 301, page 1649, states: "Similarly if the members of the class are of two or more families and the parent of each of these families is given a prior life interest in an equal share in the subject matter of the class gift, this fact tends to establish that those class members who are the children of one life tenant are to take only that share in which the parent life tenant had his interest. Additional language specifically giving over the share of the parent to his children excludes per capita distribution."

The rule of construction stated by the decisions quoted from is sound and appears to represent the majority doctrine. We conclude it should be followed in this case. Hence, "their death" will be read "their respective deaths" and "their children" will be read "their respective children." The sentence in the will would then read "and at their respective deaths shall be divided equally, and shall vest in fee simple between their respective children."

However, as stated in appellants' brief, the sentence may be clarified by eliminating the words "shall vest in fee simple", so it would read "and at their death shall be divided equally between their children." Under the proper rule of construction it would mean "and at their respective deaths shall be divided equally between their respective children." This means a distribution per stirpes, with the children of each child taking equally that share ($\frac{1}{4}$) in which their parent had his life estate.

This conclusion renders unnecessary the consideration of other propositions presented in the briefs.—Affirmed.

All JUSTICES concur.