WILBUR J. MILLER et al., appellees, v. THE UNKNOWN CLAIMANTS OF. DESCRIBED REAL ESTATE et al., appellants.

No. 48691.

(Reported in 70 N.W.2d 560)

June 7, 1955.

John R. Cronin, of Nashua, and Lundy, Butler & Lundy and Donald C. Wilson, all of Eldora, for appellants.

James H. Graven, of Greene, and R. W. Zastrow, of Charles City, for appellees.

James F. Smith, of Charles City, guardian ad litem, for such defendants as are minors, incompetents, or under any other legal disability.

HAYS, J.—Action to quiet title to 112 acres of real estate in Butler County, Iowa, owned in fee by Fred A. Butzlaff at the time of his death in 1907 and disposed of by his will. Actually involved is title to an undivided half interest. Plaintiffs claim title to the whole as devisees in said will. The defendants claim title to an undivided half interest through Louise Fuerstenberger, a devisee, and section 636.40, Code of 1950. Title was quieted in the plaintiffs and the defendants have appealed.

The sole question rests upon the construction of paragraph three of said will. It is as follows:

"Third: I give and devise unto my beloved wife, Augusta, a life estate in and to all real estate * * *. I give and devise the estate in remainder in and to said real estate, after the death of my wife, to my daughter, Louise Bucknell, if she * * * shall survive her mother. Provided, however, if my said daughter, Louise, shall die, leaving a child or children her surviving, then in such case after the death of both my wife and daughter, I will and devise said estate in remainder to the surviving children of my said daughter, * * *. In the event that my said daughter shall die leaving no children her surviving, then in such case, after the death of both my wife and daughter, I will and devise said real estate to the heirs at law of my wife, Augusta Butzlaff, who may be living and entitled to her estate at the time of her death."

Surviving testator were his widow, Augusta Butzlaff, and their daughter, Louise Bucknell. A brother and a sister predeceased him, whose heirs are the defendants-appellants.

Augusta Butzlaff died intestate in 1918 survived by her daughter, Louise Fuerstenberger, formerly Bucknell. Also surviving her were two brothers and a sister, whose heirs are the plaintiffs-appellees.

Louise Fuerstenberger died intestate in 1953 without issue or surviving spouse.

By stipulation it was agreed that Augusta Butzlaff received only a life estate in said real estate; the respective share each plaintiff took in the real estate, if plaintiffs prevailed in the action, and a like designation should the defendants be successful. The trial court held that Louise Fuerstenberger took a life estate, subject to the life estate of her mother; that Louise, having died without issue, plaintiffs, as heirs-at-law of Augusta Butzlaff, take under the terms of the will as set forth in the last sentence of said paragraph three of the will, above set forth. Apparently, from the stipulation and briefs and arguments, all parties agree that Louise Fuerstenberger is, by the terms of the will, eliminated from the "heirs-at-law of Augusta Butzlaff" and we assume such to be the case.

Appellants' chief proposition relied upon for a reversal is the ruling of the trial court that Louise Fuerstenberger took only a life estate under the terms of the will. They present their proposition as follows: Augusta Butzlaff took a life estate. The estate in remainder was specifically devised to Louise, contingent only upon her surviving her mother, with title in fee to vest absolutely if such contingency was met; that the provisions of the will as to Louise's children taking, or if no children, then to the heirs of Augusta Butzlaff, were to be effective only if Louise did not survive her mother; that if such provisions were not alternative, conditioned upon the daughter not surviving her mother, they are repugnant to the fee devised to Louise and void.

■■ Notwithstanding the many and varied rules of construction which appear in our prior opinions involving will construction, one rule emerges as paramount. It is that the intention of the testator as expressed in the will as a whole shall govern in ascertaining the meaning or intent of any certain sentence or

phrase therein. Moore v. McKinley, 246 Iowa 734, 749, 69 N.W.2d 73, 82, and cases cited therein. It is also a cardinal rule that a testator is presumed to know the purport of the words used; and if an absolute and unqualified fee simple title is conveyed, any attempt to modify or restrict the same is of no force or effect. In re Estate of McCulloch, 243 Iowa 449, 52 N.W.2d 67; Moore v. McKinley, supra. Thus, once an absolute fee has been devised, further provisions of the will affecting this real estate need not be considered and to this extent there is a modification of the rule that all parts of the will must be considered together.

██ ██  The second sentence of the paragraph of the will in question states: "remainder in and to said real estate, after the death of my wife." A remainder is the part left over; a remnant of an estate expectant on a particular estate. 31 C. J. S., Estates, section 68. As stated in 33 Am. Jur., section 47, page 509, the term "remainder" is a relative one and implies a prior disposition of some part of the estate. Thus, regardless of the quantity of the estate devised by the said second sentence, it is a remainder as it is conditioned upon the mother's life estate. However, since the term "remainder" is usually understood to mean that part of the estate which is left after all of the other provisions of the will are satisfied, In re Will of Richter, 212 Iowa 38, 234 N.W. 285, no specific and absolute estate in fee is necessarily devised by the words in question and other provisions of the will become important in arriving at the intended meaning of the term "estate in remainder." The rule of repugnancy does not apply. Canaday v. Baysinger, 170 Iowa 414, 152 N.W. 562; Guilford v. Gardner, 180 Iowa 1210, 162 N.W. 261; Frazier v. Wood, 219 Iowa 36, 255 N.W. 647; In re Estate of Organ, 240 Iowa 797, 38 N.W.2d 100.

As to appellants' second theory, i. e., that the third and fourth sentences of the paragraph in question are alternative contingent remainders; contingent on Louise not surviving her mother: Their theory and argument is that, reading the paragraph as a whole the clear intent of testator is that the words "my daughter shall die, leaving children" or "my daughter shall die leaving no children" refer to death of the daughter during the mother's lifetime.

In many respects the case of In re Estate of McCulloch, supra, 243 Iowa 449, 451, 52 N.W.2d 67, 69, is analogous to the case at bar, especially by eliminating the third sentence of said paragraph three of the will. In that case the will devised " 'all of my property * * * to my son * * * except as follows: * * *. Should my son die without heirs (lineal descendants) the following described land is to be divided equally between the [named devisees]'." There it was contended that the time of death referred to death during the life of the testator. Here it is claimed the time of death of the daughter is meant prior to the death of the mother. There the devise to the son read " 'except. as follows'." Here the devise to the daughter reads "Provided, however." We said, page 468 of 243 Iowa, page 78 of 52 N.W.2d: "The intention that there was to be a devise over to others on the death of the son without lineal heirs could have no other meaning than that the ultimate takers could not be determined until the death of the son, because until his death such heirs were possible." We held the son had a defeasible fee.

But the instant case presents an additional provision not present in the McCulloch case. There he took a fee if survived by lineal descendants. This is not true with the will in question. The third sentence of paragraph three states: "Provided, however, if my daughter shall die, leaving a child * * * surviving, then in such case after the death of both my wife and daughter * * * I devise said estate in remainder to the surviving children of my said daughter * * *." Under no possible theory could the daughter have a fee, defeasible or otherwise, as her surviving children, if any, take as beneficiaries under the will. Henkel v. Auchstetter, 240 Iowa 1367, 39 N.W.2d 650.

Appellants seem to place great importance on the fact that in both the third and fourth sentences, the will provides: "after the death of both my wife and daughter," saying there would be no necessity for testator to refer to the death of his wife if he intended the words "shall die" to refer to his daughter's death after the death of his wife. Nowhere herein have we said, and we do not say, that the words "shall die" refer solely to death after the mother. What we do say is that when the event described is not death simply, but death leaving children, the testator has

expressed a clear contingency and there is nothing to prevent the words having full scope and thus include a death under the circumstances indicated at any time *before or after* the death of the mother. See Boiler v. Wilson, 239 Iowa 1201, 34 N.W.2d 578.

██ We have held many times that when survivorship is a condition precedent to the taking of a remainder, such remainder is contingent. Henkel v. Auchstetter, supra. Here the recipient of the ultimate remainder, the fee, is not ascertainable until the death of the daughter; and it remains in testator's estate until such time. The use of the term "after the death of both my wife and daughter" refers to the time of the possession, not the vesting; and merely insures peaceful possession by the named life tenants.

██ We hold the trial court correctly held the interest of Louise Fuerstenberger to be only a life estate; and she having died without children her surviving, appellees take as beneficiaries under the fourth sentence of said paragraph three of the will.—Affirmed.

All JUSTICES concur.