Wallace A. HOUTS and Wallace Sayre Houts as Representative of the Class of Heirs of Wallace A. Houts, Appellants,

v.

George Leslie JAMESON et al., Appellees.

No. 55145.

Supreme Court of Iowa.

Oct. 18, 1972.

Whitfield, Musgrave, Selvy, Kelly & Eddy, by Gary Gately and Michael J. Maher, Des Moines, for appellants.

Bordewick, Fischer & Fischer, by M. H. Bordewick and B. M. Fischer, Vinton, for appellees.

Heard before MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

In this proceeding to construe a will, trial court held a residuary bequest of trust corpus effected a per capita and not per stirpes distribution, among five beneficiaries in specific shares. We modify and affirm.

W. E. Gilchrist, age 91, died May 30, 1964. This testator was survived by his

wife; a nephew Wallace A. Houts; the heirs (four children) of C. C. Jameson, a deceased nephew; and two nieces, Eleanor and Dorothy Houts.

Decedent's will, dated Steptember 20, 1957, created a life estate in the wife and provided for several specific bequests upon her death. It was then provided,

"* * * [O]f the property then remaining an undivided one-third (⅓) in value of the same in equal shares to the heirs of my nephew, C. C. Jameson, now deceased * * *, and the other two-thirds (⅔) in value of the same as follows: One-third (⅓) to my nephew, Wallace A. Houts * * *, and two-thirds (⅔) to Keith Mossman as trustee * * *."

After establishing the terms and conditions of the trust for the' benefit of the nieces Eleanor and Dorothy Houts for their lives and the life of the survivor, the testator directed upon termination of the trust, the accumulated income and net trust property was to go,

"* * * to the heirs of my nephew, C. C. Jameson, now deceased, * * * and to Wallace A. Houts or his heirs in the event he is not living at that time, in equal shares, share and share alike."

The beneficiaries of the trust are still living.

Responding to trustee's petition to obtain a judicial construction of the last quoted will clause, the four heirs of C. C. Jameson claimed the will clearly expressed testator's intent the four Jameson heirs and Wallace A. Houts were each to receive, per capita, one-fifth of the residuum. Wallace A. Houts argued the will, properly construed, provided for a per stirpes distribution: One-half to the heirs of C. C. Jameson, and one-half to Wallace A. Houts or his heirs if he is deceased on the distribution date.

Houts and one of his children (representing the class of his potential heirs) ap-peal from trial court's adjudication that the five beneficiaries were each entitled to a one-fifth (per capita) share.

■ I. The proceeding below was properly triable in probate court as an equity proceeding. See § 633.33, The Code; In re Estate of Miguet, 185 N.W.2d 508 (Iowa 1971); In re Estate of Luke, 184 N.W.2d 42 (Iowa 1971). Our review is therefore de novo. Rule 334, Rules of Civil Procedure.

■ The basic rules governing our consideration of this will are: (1) the testator's intent is the polestar and must prevail; (2) the intent must be gathered from a consideration of all the language of the will, the scheme of distribution, and the facts and circumstances surrounding the making of the will; and (3) technical rules of construction should be resorted to only if the language of the will is clearly ambiguous or conflicting or testator's intent is for any reason uncertain. Hollenbeck v. Gray, 185 N.W.2d 767 (Iowa 1971).

Testator had been county auditor of Benton county and city clerk of Vinton, Iowa. His wife had been a legal secretary for many years. The typed contents of the will were brought by Mr. Gilchrist to Attorney Mossman's office, where the will was retyped exactly as submitted, then executed. No other relevant facts appear concerning the drafting of the will.

The bequest in question is sufficiently lacking in clarity to attract litigation. We turn to the language in the will and the surrounding circumstances to ascertain testator's intent, and apply controlling rules of construction.

Focusing on the bequest itself, testator was obviously cognizant of and provided for the alternate possibilities of Wallace A. Houts surviving or not surviving at the termination of the trust.

If at time of distribution Wallace A. Houts is deceased, the bequest, revised to incorporate that fact but with relevant

words retained, would read, "to the heirs of my nephew, C. C. Jameson, now deceased, * * * and to the heirs of Wallace A. Houts, now deceased, in equal shares, share and share alike."

■ The term "heirs" in a testamentary gift to the heirs of two or more persons is usually used in the sense of "children" or "descendants," and a per capita distribution is indicated at least, where, as here, testator had used some term implying equality of division. Gilbert v. Wenzel, 247 Iowa 1279, 78 N.W.2d 793 (1956); Annot., 16 A.L.R. 15, 79; Annot., 13 A.L.R.2d 1023, 1057. See generally Annot., 37 A.L.R.3d 9.

■ In short, and in this contingency (Houts not surviving), we hold testator used "heirs" to indicate those who shall inherit and the words, "in equal shares, share and share alike" to indicate how they shall inherit. This conclusion finds support in the following cases: In re Larson's Estate, 256 Iowa 1392, 131 N.W.2d 503 (1964); Parker v. Foxworthy, 167 Iowa 649, 149 N.W. 879 (1914); Johnson v. Bodine, 108 Iowa 594, 79 N.W. 348 (1899).

Assuming Wallace A. Houts survives, the reference to his heirs would be superfluous. The will provision in relevant part would then read, "to the heirs of my nephew, C. C. Jameson, now deceased, * * * and to Wallace A. Houts * * * in equal shares, share and share alike." It would be illogical to assume the testator intended a per capita distribution in the first alternative possibility but a per stirpes distribution in the second.

■ Our holding is further buttressed by testator's use of the words "in equal shares, share and share alike." In construing wills, meaning and effect should, if reasonably possible, be given to every provision, clause and word. See In re Van Wechel's Estate, 241 Iowa 513, 41 N.E.2d 694 (1950). Applying this rule by giving the last quoted words meaning and effect, an intent for per capita distribution is established. Had testator intended to use the words "heirs" in its technical sense and to make a per stirpes distribution, these words were superfluous.

Appellants argue the words "share and share alike" refer to two classes designated by the testator. The words "and to" appearing in the will clause before us do not in this instance indicate a separation into classes. See In re Larson's Estate, supra, 256 Iowa at 1402, 131 N.W.2d at 509.

■ Words such as "equally," "in equal shares" or "share and share alike" generally indicate an intent to distribute per capita. In re Larson's Estate, 256 Iowa 1392, 131 N.W.2d 503 (1964); Martin v. Beatty, 253 Iowa 1237, 115 N.W.2d 706 (1962); Gilbert v. Wenzel, 247 Iowa 1279, 78 N.W.2d 793 (1956); Parker v. Foxworthy, 167 Iowa 649, 149 N.W. 879 (1914); Kling v. Schnellbecker, 107 Iowa 636, 78 N.W. 673 (1899). This rule is weak and will yield to counterindications within the will. Claude v. Schutt, 211 Iowa 117, 233 N.W. 41, 78 A.L.R. 1375 (1930); Canfield v. Jameson, 201 Iowa 784, 208 N.W. 369 (1926); Johnson v. Bodine, 108 Iowa 594, 79 N.W. 348 (1899).

However, there are no "counter-indications" in this will to drain the words "in equal shares, share and share alike" of their usual meaning. Testator did not evidence an intent to treat two classes as equal. To the contrary, in the earlier provision in the will, first above quoted, he left one-third to the heirs of C. C. Jameson but only two-ninths to Wallace A. Houts. Still more significant, the first of the two bequests referred to "shares" (plural) of the heirs of C. C. Jameson, further indicating a per capita distribution.

The language last commented on distinguishes this case from Claude v. Schutt, 211 Iowa 117, 233 N.W. 41, 78 A.L.R. 1375 (1930), claimed by appellants to be controlling here. In *Claude*, the testator termed the bequest to children of a deceased brother a "portion" (singular), thus indicating a per stirpes distribution. Further, beneficiaries in that will were direct heirs

## 470

in different degrees of relationship to testator.

The rule stating that construction is preferred which more nearly conforms to statutory descent and distribution loses some of its efficacy when beneficiaries are remote collateral heirs and not direct heirs. In re Gisler's Estate, 242 Iowa 933, 48 N. W.2d 866 (1951). Further, in the will preamble testator stated he was " * * * desirous of disposing of my property in a manner other than that which the law would dispose of the same should I die intestate * * *." Although we do not believe this clause determinative here, it bears on testator's intent to avoid a per stirpes distribution, inevitable in intestate succession. See Ninia v. Wilder, 12 Haw. 104 (1899); 95 C.J.S. Wills § 603, p. 804.

Had testator intended other than a per capita distribution he could have said one-half to the heirs of C. C. Jameson, deceased, and one-half to Wallace A. Houts or his heirs in the event he is not living at that time. The bequests appearing earlier in the will indicate he was capable of such definitive and concise language. His failure to use it in the controversial bequest signifies he intended a per capita distribution, and we so hold.

II. A final problem remains. Trial court determined the balance of the funds at the termination of the trust would be divided per capita, "one-fifth each to George Leslie Jameson, Ralph Edward Jameson, William Allen Jameson, Mrs. Betty Daniel, (heirs of C. C. Jameson, deceased) and Wallace A. Houts, share and share alike." Obviously, district court's holding for a per capita distribution while simultaneously freezing the shares at one-fifth for each of these beneficiaries cannot be approved. Such result would ignore the alternate gift provision of decedent's will, which provided for the possibility of Houts not surviving until distribution.

■ We turn first to the status of the gift to the Jameson children. The general rule provides if a future gift is postponed in order to let in some other interest, the gift is vested, even though its enjoyment is postponed. Clarken v. Brown, 258 Iowa 18, 137 N.W.2d 376 (1965); Moore v. McKinley, 246 Iowa 734, 69 N.W.2d 73 (1955); 57 Am.Jur., Wills § 1223, pp. 806–07. Although the property is to be received upon termination of a testamentary trust, vesting of the remainder interest is not postponed where the beneficiary is a presently identifiable person. Katz Inv. Co. v. Lynch, 242 Iowa 640, 47 N.W.2d 800 (1951); Restatement, Property § 157, Comment h, p. 548. Failure of testator to make the bequest to Jameson's children conditional upon their survival to distribution date and his failure to make substitutional or alternative gifts are considerations favorable to the view these bequests are vested. Clarken v. Brown, 258 Iowa 18, 137 N.W.2d 376 (1965); Katz Inv. Co. v. Lynch, 242 Iowa 640, 47 N.W.2d 800 (1951).

■ Generally, the law favors construing wills so as to vest interest at the earliest possible time; any doubts as to whether a legacy is vested or contingent are to be resolved in favor of vesting. Johnston v. Boothe, 234 Iowa 201, 12 N.W.2d 176 (1943); 57 Am.Jur., Wills § 1218, pp. 803–04, § 1279, pp. 846–47; 96 C.J.S. Wills § 932, p. 388. We hold the residuary bequest to the heirs (children) of C. C. Jameson vested at testator's death. See Colonial Trust Co. v. Brown, 105 Conn. 261, 135 A. 555 (1926); Ashmore v. Newman, 350 Ill. 64, 183 N.E. 1 (1932); McComb v. Morford, 283 Ill. 548, 119 N.E. 601 (1918).

■ There is no assurance, however, of the ultimate per capita share each shall take. If Houts survives, the shares shall be those specified by trial court. If he does not, then the shares may well be in a fractionally lesser amount. It should be noted an estate is not contingent merely because the portion, quantity or amount of property beneficiary will receive remains uncertain until a future date. Hans v.

Safe Deposit & Trust Co. of Baltimore, 178 Md. 52, 12 A.2d 208 (1940); 96 C.J.S. Wills § 928, p. 381, § 952, pp. 430–431.

Turning to the Houts bequest, we believe a proper interpretation of the will would indicate testator did not intend this gift to vest unless Houts survived the trust beneficiaries. See Schau v. Cecil, 257 Iowa 1296, 136 N.W.2d 515 (1965); Miller v. Unknown Claimants, etc., 246 Iowa 1070, 70 N.W.2d 560 (1955). But this does not mean the interests of all the remaindermen are contingent. Katz Inv. Co. v. Lynch, 242 Iowa 640, 47 N.W.2d 800 (1951).

It follows the specific shares of each beneficiary cannot be ascertained until the time arrives for enjoyment of the property even though the bequests to the Jameson children are presently vested. To this extent we modify trial court's decree. We affirm the determination that ultimate distribution shall be per capita.

Modified and affirmed.