FRANK M. TUCKER, Ex'r., In Equity,

*vs.*

PATRICK NUGENT, et als.     .

## Washington.    Opinion November 30, 1917.

*Wills.    Life estate.    General rule to be applied in construction of wills.    Rule as to heirs taking "per stirpes" or "per capita."*

1.    The intention of the testatrix as expressed by her through the language which she employed to express her will is to control.    The words of her will are to have their usual, ordinary and popular signification, technical words excepted, unless there is something in the context or subject matter to indicate that she intended a different use of the terms employed, and her intention is to be gathered from the words of the particular devise and bequest, considered in connection with the whole will and its manifest scope and purpose, and in the light of the circumstances surrounding the testatrix and known to her when the will was made.

2.    There is some difference in the wording of the two paragraphs in question, but we conclude that the testatrix used the words "divided equally between", in the first paragraph, and the words "share and share alike," in the third paragraph, in the same sense.

3.    From a study of the language which the testatrix used in both the first and third paragraphs of her will, considered in the light of the circumstances surrounding her and known to her at the time the will was made, the court is of opinion that her intention was to divide such of her estate as should remain at the death of her husband into two equal parts, one part to go to her heirs and the other part to go to her husband's heirs.

4.    A devise or bequest to heirs designates not only the persons who are to take but also the manner and proportions in which they are to take, and the law presumes in such case that the testator intended that they would take as heirs would take by the rules of descent, that is per stirpes.

5.    It is the opinion of the court that under the provisions of the first paragraph of the will of the testatrix one-half of the remainder in the homestead, household goods and furnishings, goes to the heirs of the testatrix, and that the other half thereof goes to the heirs of her husband, Matthew Dagnan, and that the heirs in each class take per stirpes and not per capita; that under the provisions of the third paragraph of the will all the rest, residue and remainder of her estate, her husband being dead, is to be divided into two equal parts, one part to go to the legal heirs of the testatrix, and the other part to go to the legal heirs of said Matthew Dagnan, and that the heirs in each class take per stirpes and not per capita.     .

Bill in equity asking for the construction of certain parts or clauses of the will of L. Annie Dagnan, of Washington County, State of Maine. Cause was heard upon bill, answers of the several defendants and replication, and it appearing that questions of law of sufficient importance were involved and the parties agreeing thereto, it was reported to the Law Court for determination. Judgment in accordance with opinion.

Case stated in opinion.

*L. H. Newcomb*, for plaintiff.

*W. B. Peirce, J. F. Devault, James H. Gray, Baruch & Baruch, and A. D. Davis*, of California, for defendants.

SITTING: CORNISH, C. J., KING, BIRD, HALEY, HANSON, PHILBROOK, MADIGAN, JJ.

KING, J. This case comes up on report. It is a bill in equity brought to obtain a construction of the will of L. Annie Dagnan.

The testatrix died April 22, 1914. The first paragraph of her will reads as follows:

"I give, bequeath and devise to my husband, Matthew Dagnan, for and during the term of his natural life my homestead in Lubec and the household goods and furnishings therein. After the decease of my said husband it is my will and desire that the same may be divided equally between my heirs and the heirs of the said Matthew Dagnan."

In the second paragraph of her will the testatrix provided that the rest and remainder of her estate should be held by her executor in trust the income therefrom to be applied to the care and support of her said husband during his life, and the keeping of the house in repair; and she therein expressed her fixed purpose that the trustee should see that her husband was properly looked after in all respects, and if the income of the trust fund should not be sufficient for the purpose then a part or the whole of the principal might be used for that purpose. And she further provided, that, should her husband waive the provisions of the will for his support, and take his share of the estate, nevertheless, the rest of the estate should be held by the trustee and used in the same manner for the support of her husband, whom she did not consider mentally capable of caring for property and looking after himself.

The third paragraph of the will reads thus: "After the decease of my said husband all the rest, residue and remainder of my estate of whatever nature and wherever situate I give, bequeath and devise to my legal heirs and the legal heirs of my said husband, the said Matthew Dagnan, share and share alike."

The testatrix left as her heirs one brother, two children and a grandchild of a deceased sister, one child of a deceased brother, and three children of another deceased brother—in all eight persons.

Matthew Dagnan accepted the provisions of the will and died December 20, 1915, leaving as his heirs one brother, one sister, three children of a deceased sister, and seven children of a deceased brother—in all twelve persons.

The executor—trustee asks this court to construe the first and third paragraphs of the will, in respect to the residuary clauses therein. And the real questions presented are, whether the testatrix gave the remainder and residue of her estate, mentioned in those respective paragraphs, to her heirs and the heirs of her husband as individuals, to take per capita, or gave it to her heirs and the heirs of her husband as two classes, each class taking one half of it; and, if the latter, whether the heirs comprising each class take per stirpes or per capita.

Under the well recognized rule of testamentary construction, so often expressed in our decisions as to need no formal restatement here, it becomes necessary to determine what the intention of the testatrix was as expressed by her through the language which she employed to express her will. The words of her will are to have their usual, ordinary and popular signification, technical words excepted, unless there is something in the context or subject matter to indicate that she intended a different use of the terms employed, and her intention is to be gathered from the words of the particular devise and bequest, considered in connection with the whole will and its manifest scope and purpose, and in the light of the circumstances surrounding the testatrix and known to her when the will was made.

The inference is justified, that the testatrix had no issue. She states that she did not regard her husband as mentally capable of caring for property or looking after himself. She was deeply solicitous that he should be carefully and amply provided for through her property, and protected even against his own incapacity. Her controlling purpose was to make ample provision for his care and support. To that end her plan was to give him the homestead, household goods

and furnishings, for his life, and to place all the rest of her estate in trust, the income thereof, and the principal if necessary, to be applied for his proper care and maintenance during life. That plan made it necessary for her to make a testamentary disposal of the homestead, household goods and furnishings, after the termination of her husband's life estate therein, and also of the residue, if any, of the trust fund after his death. As to the former she expressed her intention in these words, contained in the first paragraph of the will: "After the decease of my said husband it is my will and desire that the same may be divided equally between my heirs and the heirs of the said Matthew Dagnan." And she expressed her disposal of the residue of the trust fund, if any, in these words, contained in the third paragraph of her will: "I give, bequeath and devise (the same) to my legal heirs and the legal heirs of my said husband, the said Matthew Dagnan, share and share alike."

There is some difference in the wording of the two paragraphs, but we conclude that the testatrix intended by the third paragraph of the will to make the same disposition of the residue, if any, of the trust fund, that she did by the first paragraph as to the remainder in the homestead, household goods and furnishings. In other words, she used the words "divided equally between," in the first paragraph, and the words "share and share alike," in the third paragraph, in the same sense. And we do not understand that any of the interested parties contend otherwise. But, while admitting that the testatrix used those expressions in the same sense, it is suggested that in seeking for her intention more weight should be given to the words "share and share alike" because they were the latest expression of her intention as to how her heirs and her husband's heirs should take. It does not seem to us that the rule, that where there is a conflict in the different provisions of a will the last expression of the testator's intention shall govern, is quite applicable here. This is not a case where a subsequent expressed intention in a will conflicts with an intention previously expressed therein, but rather a case where a testatrix disposes of property in one paragraph, and then in a later paragraph disposes of *other* property in slightly differing language, but admittedly intending to make a similar disposition in both paragraphs, her intention, however, not being clearly expressed in either. In such a case we can perceive no reason why the language of the later paragraph should have controlling effect, simply because it was last

expressed. Where both expressions admit of doubt as to the meaning of the testatrix, they should both be considered, and each in connection with the other.

From a study of the language which the testatrix used in both the first and third paragraphs of her will, considered in the light of the circumstances surrounding her and known to her at the time the will was made, we are well convinced that her intention was to divide such of her estate as should remain at the death of her husband into two equal parts, one part to go to her heirs and the other part to go to her husband's heirs. We think that is the only reasonably permissible interpretation of the words used in the first paragraph of her will, namely, ''that the same may be divided equally between my heirs and the heirs of the said Matthew Dagnan.'' The use of the words ''divided'' and ''between'' is a circumstance of considerable weight bearing upon the question of her intention. The word ''between'' applies properly to only two parties, and although a strict application of that ordinary and primary meaning of the word is not imperative in the construction of wills, yet, when the word is used, as in this case, in connection with two designated classes of beneficiaries, it seems reasonable to conclude that the testator intended the division to be ''between'' the two classes, and not among the several individuals of both classes. In this case the testatrix expressly stated that the remainder in the property mentioned in the first paragraph of the will was to be ''equally divided between my heirs and the heirs of the said Matthew Dagnan.'' The words ''equally divided between,'' used in connection with the two designated classes of beneficiaries, materially supports, we think, the conclusion we have reached as to the intention of the testatrix.

Furthermore, it is natural to expect that the testatrix, leaving no issue, making no special bequests, and having made ample provision for her husband, which might take substantially all of her estate, would divide the residue of it, if any, into halves, her own heirs to have one half, and her husband's heirs the other half; but it would be quite unnatural to expect that, under such circumstances, she would desire and will that the residue should be distributed in equal shares among all the persons who might be her legal heirs and her husband's legal heirs, regardless of the degrees of relationship. We do not think the testatrix so intended, and the language she used does not require such construction.

It is a well recognized rule of testamentary construction, that a devise or bequest to heirs designates not only the persons who are to take, but also the manner and proportions in which they are to take, and that the law presumes in such case that the testator intended that they would take as heirs would take by the rules of descent, that is per stirpes. *Fairbank's Appeal,* 104 Maine, 333, 335; *Allen* v. *Boardman,* 193 Mass., 284, 286. And this rule should be applied in this case, unless the words of the testatrix, "divided equally between," used in the first paragraph, and "share and share alike," used in the third paragraph, indicate that she intended a different disposition.

As to the words, "divided equally between," we feel clear that the most natural and reasonable construction is that they were intended to refer to the division between the two classes, each class to take an equal portion, and not to a division between the members of the classes. The words "share and share alike" have caused us some hesitation, for they have been usually construed to call for an equal division among all the persons entitled. But the authorities hold that such construction is not imperatively necessary, especially where, as in this case, the will makes a division of property equally between two designated classes, since the words may be satisfied by being applied to the division between the classes, and not to that between the individuals. See *Bacon* v. *Haynes & others,* 14 Allen, 204, 205; *Hall* v. *Hall,* 140 Mass., 267; *Swineburn, Petitioner,* 16 R. I., 208, 212; *Executors of Wintermute* v. *Executors of Snyder,* 3 N. J., Eq., 489. The case at bar is plainly distinguishable from *Doherty* v. *Grady,* 105 Maine, 36, where the provision was "to my legal heirs, in equal shares," for in that case there was no division between two classes, a very important distinction. *Fairbank's Appeal,* 104 Maine, 333, is more nearly in point, though not so in all respects.

It seems to us that the use of the words "share and share alike," in the third paragraph, may reasonably be applied to the division of the residue of the trust fund between the two classes designated, namely, "my legal heirs" and "the legal heirs of my said husband," importing that each class shall take an equal share. This construction harmonizes with what we consider the plain intention of the testatrix as expressed in the first paragraph of her will, that her heirs on the one side, and her husband's heirs on the other, as two classes, are to take, by an equal division between those classes, so much of her estate as should remain at the death of her husband, each class taking

as "heirs," the distribution among them to be according to the rules of descent. And we cannot refrain from again suggesting that such construction, that the respective classes of heirs take per stirpes and not per capita, presents a natural disposition of property, and one in accord with family ties and affections. There is nothing in the case to suggest a reason why the testatrix would dispose of the balance of her estate so that the numerous nieces and nephews of her husband should each share equally with her own surviving brother. Such a disposition of property would be unnatural. We think the testatrix did not so intend.

Testamentary words very similar to those under consideration in the case at bar have been frequently interpreted in judicial decisions as indicating an intention of the testator to make a distribution per stirpes and not per capita. See *Allen* v. *Boardman,* 193 Mass., 284, where several such decisions are collated.

It is therefore the opinion of the court, that under the provisions of the first paragraph of the will of the testatrix one half of the remainder in the homestead, household goods and furnishings, goes to the heirs of the testatrix, and that the other half thereof goes to the heirs of her husband, Matthew Dagnan, and that the heirs in each class take per stirpes and not per capita; that under the provisions of the third paragraph of the will all the rest, residue and remainder of her estate, her husband being dead, is to be divided into two equal parts, one part to go to the legal heirs of the testatrix, and the other part to go to the legal heirs of said Matthew Dagnan, and that the heirs in each class take per stirpes and not per capita.

Taxable costs and reasonable counsel fees incurred by the parties may be allowed by the Judge of Probate and paid out of the estate.

> *Bill sustained.*
> *Decree to be in accordance with*
> *the opinion.*

Mr. Justice Hanson does not concur.