**In re The Matter of the ESTATE OF Esther CHRISTENSEN, Deceased.**

**Emory M. CHRISTENSEN, Appellee,**

v.

**Berle A. FREY, Merle A. Riggs, f/k/a Merle A. Thoren, Defendants,**

and

**Jerry R. Christensen and Robb Christensen, a/k/a Robert C. Christensen, Appellants.**

**No. 89–1430.**

Court of Appeals of Iowa.

Aug. 30, 1990.

Edward J. Gallagher, Jr. and Timothy D. Ament of Gallagher, Langlas & Gallagher, P.C., Waterloo, for appellants.

Alan D. Allbee of Estey, Antes & Allbee, West Union, and Larry F. Woods, Oelwein, for appellee.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ., but decided en banc.

OXBERGER, Chief Judge.

Petitioners, Jerry and Robb Christensen, appeal a district court order determining that they were not beneficiaries of the estate of their paternal grandmother, Esther Christensen. Jerry and Robb contend the district court erred in: 1) determining the provision in Esther's will devising her estate to her children referred only to her children living at the time she executed her will; and 2) using extrinsic evidence to construe Esther's will. We affirm.

Morris and Esther Christensen were husband and wife. They had four children; Emery, Merle, Berle, and Robert. In 1952, Robert died. He was survived by his sons, petitioners Jerry and Robb.

In April, 1979, Morris died testate, Jerry and Robb received specific bequests of $1,000.00. The bulk of the estate was left to Esther and their three living children. Esther, however, decided to elect against the will. In May 1979 Esther executed a will and contract between herself and Emery, Berle, and Merle. The contract provided that Esther would take a life estate in all of Morris's property in consideration for her agreement that she execute a will leaving to Emery, Berle and Merle the property she received outright by her election to take against the will. The will provided, in part: "I will, ... to my children, ... all property ... which I own at the date of death. In the event that any child shall predecease me, then their surviving children,...." Esther did not name or define "children."

Esther died on October 5, 1987. On February 22, 1988, Emery, as executor, filed an amended petition to construe the will. He argued the children referred to in Esther's will were Emery, Berle, and Merle, but did not include Robert.

Following trial, the district court entered its order determining that only Emery, Berle, and Merle were beneficiaries under the will. The issue on appeal is whether the district court erred in interpreting the intent of the testator to exclude the heirs of a deceased child from the class of persons referred to in the will as "children."

A declaratory judgment to construe or interpret a decedent's will is tried in equity and our review is de novo. *Russell v. Johnston*, 327 N.W.2d 226, 228 (Iowa 1982). In making findings of fact anew, we give weight to the fact findings of the trial court but are not bound by them. Iowa R.App.P. 14(f)(7).

The fundamental precepts which apply in will interpretation cases are firmly established:

(1) The testator's intent is the polestar and must prevail;

(2) Intent must be gathered from a consideration of:

(a) All the language contained in the four corners of the will;

(b) The scheme of distribution;

(c) The circumstances surrounding the testator at the time the will was made; and

(d) The existing facts; and

(3) Technical rules or canons of construction should be resorted to only if the language of the will is ambiguous or conflicting or the testator's intent is for any reason uncertain.

*Matter of Estate of Anderson*, 359 N.W.2d 479, 480 (Iowa 1984), (quoting *In re Estate of Larson*, 256 Iowa 1392, 1395, 131 N.W.2d 503, 504–05 (1964)).

The appellants contend a devise to a class of persons or, in the event of death, to the deceased person's heirs, includes all members of the class without regard to whether they were living at the time the will was executed. They urge us to adopt the court's holding in *Anderson v. Wilson*, 155 Iowa 415, 136 N.W. 134 (1912). In *Anderson*, the court held the child of a deceased half brother was entitled to the share of the estate which would have gone to his father, although his father was dead at the time of the execution of the will. The court in *Anderson* allowed the child to take under the will for two reasons. First, the will specifically provided that children of a deceased beneficiary may still take under the will. Second, there was nothing to show a contrary intent of the testator. *Id.* at 419, 136 N.W. 134.

In determining whether *Anderson v. Wilson* is applicable or not, we are guided by a more recent case, *Matter of Estate of Anderson*, 359 N.W.2d 479 (Iowa 1984), where the court said:

> [W]e have a growing disinclination to allow a testator's intent to be frustrated by a technical but obvious mistake in draftsmanship.

We believe this case is just such a case where there is an obvious mistake in draftsmanship. We will not allow the obvious intent of the testator to be frustrated.

■ Esther, at the time of her husband Morris's death, had no assets. Morris's will explicitly gave the bulk of his estate to his living children Emory, Berle and Merle. He gave $1,000 each to his predeceased son Robert's children.

Esther and the three living children, Emory, Berle and Merle, one month after Morris's death entered into a contract wherein the children gave up their immediate right to two-thirds of their father's estate to give to their mother sufficient funds to live on. The contract also provided Esther would execute a will granting to the three living contracting children, her interest in Morris's estate. Immediately after Esther signed the contract, she signed the will her attorney prepared containing the questionable phrase: "I will, devise, and bequeath to my children...." For eight years, Esther lived off the funds provided by the terms of the contract.

There is no reason to believe the seconds of time that elapsed from when Esther signed the contract to will Morris's estate to Emory, Berle and Merle, that she intended to violate that contract by executing a will that substantially reduces their share of Morris's estate, by giving the deceased son Robert's share to his children Jerry and Robb.

Furthermore, there is no reason to believe Esther desired to provide for the children of her son who died twenty-seven years previously. Esther had no personal contact with grandsons Jerry and Robb Christensen during their lives. Their father, Robert, had died in April 1952 from carbon monoxide poisoning, the result of suicide. At the time of the suicide, Robert was separated from his wife, Kathryn, because Robert found Kathryn in bed with another man on two occasions. Esther sent Christmas presents to Jerry and Robb. However, their mother, Kathryn, returned them unopened. The only contact Esther had with either Jerry or Robb prior to the execution of her will was a letter Esther had written Jerry in April 1979 enclosing a copy of Morris's funeral bulletin.

We find that Esther intended to include only her three living children as beneficiaries under her will. Her intent is evidenced by the contract executed moments before the will. It is also evidenced by the alienation between Esther and her grandchildren. Strict canons of construction interpreting children to mean all children, living or dead, is not applicable here, because the testator's intent is certain.

AFFIRMED.

All Judges concur except SACKETT, J., who dissents.

SACKETT, Judge (dissenting).

I dissent. The majority has interpreted a will which is clear on its face to disinherit two of decedent's grandchildren, who are her heirs at law.

In *Anderson v. Wilson*, 155 Iowa 415, 429, 136 N.W. 134, 139 (1912), the Iowa court said:

> Finally, if we are to indulge in any presumption at all in interpreting the will, it should be done with due regard to that well-established rule that an heir at law shall not be disinherited on the strength of a doubtful construction of a will.

When a testator names a class and a person is in the class, his or her title is as complete as though he or she had been mentioned by name. *Anderson v. Wilson*, 155 Iowa at 420, 136 N.W. at 136. There must be a patent or latent ambiguity before extrinsic evidence can be admitted to show testator's intent. *In re Estate of Anderson*, 359 N.W.2d 479, 481 (Iowa 1984); *In re Estate of Kiel*, 357 N.W.2d 628, 630 (Iowa 1984).

The language of decedent's will clearly gives the property to a class (children) and provides for distribution to grandchildren if a child predeceases decedent. There is no reason to go beyond decedent's will.