551 N.W.2d 344 (1996)
In the Matter of the TRUST OF Edith CROSS, Deceased.
Debora Thornton CHRISTY, David J. Thornton, Diane Thornton Gray, Dennis P. Thornton, Donna Thornton Sillyman, Daniel T. Thornton, Roger C. Thornton, Lila M. Soxman, and Howard L. Cox, Jr., Appellants,
v.
Verna Sterling TETT, Florine Dudley, Greta Gallahan, Esther French, Margaret Fry, Claire Steelman, Ellen Dillard, Robert Chance, Steve Wildeboer, Evelyn Hand, Lewis Deal, Vernon Chance, and Kenneth Steelman, Appellees,
Glen Richard Cross, Trustee.
No. 95-0028.
Court of Appeals of Iowa.
May 31, 1996.
*345 Charles F. Fairall of Fairall, Fairall, Kaplan, Hoglan, Condon & Klaessy, Marshalltown, for appellants.
Randal B. Caldwell and Gilbert R. Caldwell III of Caldwell, Caldwell, & Caldwell, Newton, and Dayton Countryman, Nevada, for appellees.
Nathan B. Updegraff of Selby, Updegraff & Smith, Newton, for trustee.
*346 Before HABHAB, P.J., HUITINK, J., and McCARTNEY, Senior Judge.[*]
HABHAB, Presiding Judge.
Edith Cross died testate on October 20, 1957. The residuary clause of her will bequeathed her property in trust to Kenneth Cross as trustee, directing amounts necessary from the income and corpus of the trust be used to provide for the care and maintenance of her daughter, Doris. Upon Doris' death, the trust assets were to be distributed in the following manner as set forth in Item IV of Edith's will: one-sixth to Fred Thornton, one-sixth to Grace Gilmore, one-sixth to Merle C. Thornton, one-fourth to the issue of Denver D. Cross, and one-fourth to the issue of Alta Cross Jones. Fred, Grace, and Merle were the siblings of Edith. Denver and Alta were the siblings of Edith's deceased husband.
Doris died on February 27, 1994, causing the termination of the trust. Upon her death, the trustee was instructed to liquidate the trust and distribute the net proceeds as directed by Item IV of Edith's will. Fred Thornton, however, had died in 1962; Grace Gilmore had died in 1969; and Merle Thornton had died in 1977.
Fred's last will and testament provided for the disposition of his residuary estate in ten shares. Fred's wife predeceased him and the couple had no children. As a result, Fred bequeathed his one-sixth share of Edith's trust in ten equal shares to his sister Grace Gilmore, his brother Merle Thornton, and eight of his wife's nieces and nephews.
The trustee of Doris' estate filed a petition with the court to determine the distributees of Edith's trust. The petition contended Fred's share "passed to his heirs by descent or by representation, and not to the beneficiaries of his will." An objection was filed by nine persons who are children and grandchildren of the deceased siblings of Fred's deceased spouse. The objectors contended Fred's share should be distributed to the beneficiaries named in his will. The court ruled, under Edith's will, Fred received a vested one-sixth share. The court concluded, based on Iowa law, this one-sixth share would pass under Fred's last will and testament. The court found it significant Edith's will treats different groups of people differently in regard to the distribution of trust assets. Thus, the objectors were entitled, as beneficiaries under Fred's will, to share the one-sixth remainder interest bequeathed to Fred under Edith's will.
The descendants of Grace and Merle, as potential distributees, appeal.

I.
In this equity action, our review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. In re Estate of Anderson, 359 N.W.2d 479, 480 (Iowa 1984).
The testator's intent is the polestar. Anderson, 359 N.W.2d at 480; In re Estate of Christensen, 461 N.W.2d 469, 470 (Iowa App.1990). The primary goal in interpreting a will is to discern the intent of the testator. In re Estate of Thompson, 511 N.W.2d 374, 377 (Iowa 1994); In re Estate of Hoagland, 203 N.W.2d 577, 580 (Iowa 1973). This intent is determined by the language used in the will, the scheme of distribution, the circumstances surrounding the will's execution, and the existing facts. Thompson, 511 N.W.2d at 377; In re Estate of Rogers, 473 N.W.2d 36, 39 (Iowa 1991). The question is not what the testator meant to say but what the testator meant by what he or she did say. Rogers, 473 N.W.2d at 39. We consider the entire will and strive to give each part meaning and effect. Id.

II.
Appellants first contend the district court erred in determining Fred's one-sixth interest passed to the beneficiaries of his will and not to his heirs by descent or by representation. Appellants argue Edith's will shows her intent was to distribute her property *347 to her siblings or their issue, not to the families of the spouses of her siblings. Appellants are not arguing Fred could not devise his share; rather, they contend he did not have a share to devise since he died prior to the death of Doris.[1]
We give primary consideration to the words used in the will by the testator. Martin v. Beatty, 253 Iowa 1237, 1243, 115 N.W.2d 706, 710 (1962); In re Estate of Crist, 434 N.W.2d 904, 907 (Iowa App.1988). We also assume the testator selected the language adopted to express his meaning and he knew and appreciated the effect of the language used in his or her will. Clarken v. Brown, 258 Iowa 18, 24, 137 N.W.2d 376, 380 (1965); Crist, 434 N.W.2d at 907.
Item IV of Edith's will provided the distribution of the property remaining in the trust. The will provides:
After the death of my daughter, Doris I. Cross, and the payment of all items mentioned and referred to in Item III hereof, all of the property of every kind and character, real, personal and mixed, then remaining in said Trust estate, shall be divided and distributed as follows:
(a) One-sixth (1/6) thereof I give, devise and bequeath to my brother, Fred L. Thornton, of Zearing, Iowa, the same to be his absolutely and in his own right;

(b) One-sixth (1/6) thereof I give, devise and bequeath to my sister, Grace Gilmore, of Zearing, Iowa, and if she should not be living at the time of the death of Doris I. Cross, then to her surviving issue in equal shares, share and share alike;
(c) One-sixth (1/6) thereof I give, devise and bequeath to my brother, Merle C. Thornton, of Zearing, Iowa, and if he should not be living at the time of the death of Doris I. Cross, then to his surviving issue in equal shares, share and share alike;
(d) One-fourth (¼) thereof shall be divided in equal shares, share and share alike, among the children of Denver D. Cross who are living at the time of the death of Doris I. Cross, the surviving issue of any of Denver D. Cross' deceased children to receive the share which his or her parent would have received, if living, per stirpes;
(e) One-fourth (¼) thereof shall be divided in equal shares, share and share alike, among the children of Alta Cross Jones who are living at the time of the death of Doris I. Cross, the surviving issue of any of Alta Cross Jones' deceased children to receive the share which his or her parent would have received, if living, per stirpes.
(Emphasis added.) This provision of Edith's will shows she was sensitive to particular circumstances of each of the distributees. Fred received his one-sixth share "absolutely and in his own right."
Our supreme court has defined the difference between contingent and vested remainder interests.
Remainders are either vested or contingent. A vested remainder, whereby the estate passes by the conveyance, but the possession and enjoyment are postponed until the particular estate is determined, is where the estate is invariably fixed to remain to certain determinate persons. Contingent remainders are where the estate in remainder is limited to take effect either to a dubious or uncertain person or upon a dubious or uncertain event, so that the particular estate may be determined and the remainder never take effect.
Moore v. McKinley, 246 Iowa 734, 746-47, 69 N.W.2d 73, 81 (1955) (quoting Fulton v. Fulton, 179 Iowa 948, 957, 162 N.W. 253, 256 (1917)). We interpret Fred's interest to be a vested remainder interest.[2] In contrast, *348 Edith's other two siblings were given contingent remainders with the language "if [he or she] should not be living at the time of the death of Doris I. Cross, then to [his or her] surviving issue in equal shares." If Edith had intended to give Fred a contingent interest, as she gave to his siblings, she would have done so. Giving Fred a vested interest does not appear to be an oversight on Edith's part, but rather a deliberate attempt to address the different situations of all of her siblings. In other words, Edith was taking into account the fact that, at the time of the drafting of her will, Fred had no children while his siblings did.
When the terms of a will are unambiguous, we are precluded from interpreting them. Rogers, 473 N.W.2d at 40; In re Estate of Kiel, 357 N.W.2d 628, 630 (Iowa 1984). We find the terms of Edith's will are clear and unambiguous; thus, we are precluded from interpreting them. Accordingly, we conclude the district court did not err in finding Fred's share from Edith's will passed to the beneficiaries in his will.

III.
Appellants next contend the district court erred in admitting into evidence testimony by Nathan Updegraff and a memorandum prepared by Updegraff at the time of a meeting with Edith regarding the preparation of her will. Appellants argue Edith's will is ambiguous which created a necessity for evidence.
Extrinsic evidence may be considered by the court in resolving problems of ambiguity in a will. Rogers, 473 N.W.2d at 39. Before such extrinsic evidence can be admitted into evidence to show a testator's testamentary intent, there must first be a showing of ambiguity. Anderson, 359 N.W.2d at 481; In re Estate of Nagl, 408 N.W.2d 768, 772 (Iowa App.1987). Where the terms of a will are clear, plain, and unambiguous, reference to extrinsic material is not allowed. Kiel, 357 N.W.2d at 630; Nagl, 408 N.W.2d at 772. Extrinsic evidence is not admissible to vary, contradict, or add to terms of the will or to show an intention different from that disclosed by the language of the will. In re Estate of Kalouse, 282 N.W.2d 98, 104 (Iowa 1979).
We must determine whether the will is patently or latently ambiguous. A will is patently ambiguous when the meaning of a will is, on its face, uncertain, doubtful, or obscure. Rogers, 473 N.W.2d at 39; In re Lepley's Estate, 235 Iowa 664, 670, 17 N.W.2d 526, 529 (1945). A will is latently ambiguous when it is clear on its face, but some outside matter renders the meaning obscure or uncertain. Rogers, 473 N.W.2d at 39-40; Bankers Trust Co. v. Allen, 257 Iowa 938, 944, 135 N.W.2d 607, 611 (1965); In re Estate of Eickholt, 365 N.W.2d 44, 47 (Iowa App.1985).
Appellants argue the terms of the will are latently ambiguous. They contend this ambiguity arises through Fred surviving Edith but predeceasing Doris. We, however, do not find this ambiguity to exist. Fred was given a vested remainder interest at the time of Edith's death. Edith's will did not place a survivorship contingency on Fred's interest. Rather, this interest was given to him outright and the fact he predeceased Doris does not alter the status of his interest. We find the terms of Edith's will are clear, plain, and there is no patent or latent ambiguity in the will. Thus, the extrinsic evidence was not admissible. We find the district court did not err in failing to admit the extrinsic evidence.
AFFIRMED.
VOGEL, J., takes no part.
NOTES
[*] Senior judge from the Second Judicial District serving on this court by order of the Iowa Supreme Court.
[1] Appellants also correctly note, in their brief, that the anti-lapse statute in the Iowa Code does not apply in this situation since Fred did not predecease Edith.
[2] Our supreme court has provided a lengthy description of the nature and characteristics of vested remainder interests in Moore v. McKinley, 246 Iowa 734, 69 N.W.2d 73 (1955). A person with a vested remainder has a fixed right of future enjoyment, although the right to possession is deferred to a future time. Moore v. McKinley, 246 Iowa 734, 745, 69 N.W.2d 73, 80 (1955). A vested remainder interest is a present, fixed property or ownership and is an estate in possession. Id. at 745-46, 69 N.W.2d at 80. In addition, vested remainders can be devised. Id. at 746, 69 N.W.2d at 80.